BLANCHE, Judge.
This appeal is from a jury verdict rejecting a claim for damages brought by Mrs. Marie Martin and her insurer as a result of fire damage to the Martin residence on the morning of June 4, 1968, at Verdunville, Louisiana.
In the trial court plaintiffs based their claim against United Gas Corporation on the theory that Mrs. Martin’s hot water heater was negligently repaired by an employee of United Gas. Plaintiffs attempted to prove that a fire originated in the hot water heater closet of Mrs. Martin’s home, that there was no combustible material in the hot water heater closet other than the hot water heater, that the last person to come into contact with the heater was United Gas’ repairman and, therefore, the evidence suggested the negligence of the repairman as the most plausible explanation of the fire.
The repairman, John Jolet, testified that he had gone to Mrs. Martin’s home approximately four days prior to the fire in response to her complaint that the hot water heater pilot would not remain lighted. Mr. Jolet diagnosed the problem as a defective thermocouple which he replaced. In connection with the replacement of the thermocouple, Mr. Jolet also determined by means of soap testing that there were no leaks in either the thermocouple line or pilot line. Before leaving, Mr. Jolet ascertained that the burner and pilot were properly regulated and functioning normally. Mrs. Martin had no difficulty with her hot water heater from the time of its repair until the fire four days later.
There is no evidence that the repair work was negligently or improperly performed. In fact, after the fire, the hot water heater was examined by an engineer, Mr. George A. Hero, III, who found that the thermocouple operated properly. He also tested the thermocouple and pilot lines for leaks and found that there were none Therefore, we find that the trial jury was justified in rejecting plaintiffs’ contention that the repair work was negligently performed.
Notwithstanding defendants’ evidence that the repair work was properly done, plaintiffs contend that the origin of the fire was in the hot water heater closet and, therefore, there must have been some negligence, albeit unknown, on the part of the repairman that caused the heater to malfunction. In other words, if the fire, in fact, originated at the base of the hot water heater so shortly after it had been repaired, the plaintiff’s theory is that there is no plausible explanation for the fire other than the negligence of the repairman.
We need not indulge in speculation as to whether such proof-created an inference of negligence because other proof was offered by defendants, on which the jury had every right to rely, showing that the fire might have reasonably originated elsewhere. In such case the presumption that the fire resulted from some negligence of the defendant’s repairman is negated. This makes the instant case distinguishable from the case of Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972), cited by plaintiffs, for in the Boudreaux case the defendant was unable to come forward with evidence to reasonably show that the fire was due to some cause other than his negligence.
For the above and foregoing reasons, the judgment appealed from is affirmed at the cost of plaintiffs-appellants.
Affirmed.